```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

        -v.-                     :      INDICTMENT

JOHNNY COLESON,                  :      07 Cr.
CARLOS HADDOCK,
DAJUAN HENDERSON,                :
JEWELL PANKEY,
TAKASHIA WASHINGTON, and         :
KEVIN WILLIAMS,
                                 :
        Defendants.
                                 :
- - - - - - - - - - - - - - - - x
```

07 CRIM. 789

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COUNT ONE

(Conspiracy to Commit Wire Fraud and Identity Fraud)

The Grand Jury charges:

1.   From at least in or about May 2004, up to and including in or about July 2005, in the Southern District of New York and elsewhere, JOHNNY COLESON and CARLOS HADDOCK, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1343, and 1028(a)(7) and (b)(1)(D).

2.   It was a part and an object of the conspiracy that JOHNNY COLESON and CARLOS HADDOCK, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

representations, and promises, unlawfully, willfully, and knowingly, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

    3.  It was a further part and an object of the conspiracy that JOHNNY COLESON and CARLOS HADDOCK, the defendants, and others known and unknown, unlawfully, willfully and knowingly, would and did transfer, possess and use, without lawful authority, one and more means of identification of another person with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constitutes a violation of Federal law, to wit, wire fraud, a violation of Title 18, United States Code, Section 1343, and thereby did obtain things of value aggregating $1,000 and more during a one-year period, in violation of Title 18, United States Code, Sections 1028(a)(7) and (b)(1)(D).

OVERT ACTS

    4.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  In or about February 2004, in Manhattan, New York, COLESON and HADDOCK caused documents to be filed with the

New York Department of State to incorporate a business entity known as JDL Phase One, Inc.

      b.   In or about May 2004, COLESON and HADDOCK visited Gidron Oldsmobile & Cadillac, LLC, located at 1245 Central Park Avenue, Yonkers, New York, to purchase a Cadillac Escalade, VIN # 1GYEK63NX4R267748, on behalf of JDL Phase One, Inc. and another person ("Victim 1"), a purported representative of JDL Phase One, Inc.

      c.   In or about June 2004, COLESON and HADDOCK visited Gidron Oldsmobile & Cadillac, LLC, located at 1245 Central Park Avenue, Yonkers, New York, to purchase a Cadillac CTS, VIN # 1G6DM577240122633, on behalf of JDL Phase One, Inc. and Victim 1, a purported representative of JDL Phase One, Inc.

      d.   On or about June 22, 2004, COLESON rented a parking space at Central Parking System, located at 1500 Unionport Road, Bronx, New York, for the Cadillac Escalade, VIN # 1GYEK63NX4R267748.

      e.   On or about August 10, 2004, COLESON rented a parking space at Central Parking System, located at 1500 Unionport Road, Bronx, New York, for the Cadillac CTS, VIN # 1G6DM577240122633.

      (Title 18, United States Code, Section 371.)

COUNT TWO

(Wire Fraud)

The Grand Jury further charges:

5.  On or about May 7, 2004, in the Southern District of New York and elsewhere, JOHNNY COLESON and CARLOS HADDOCK, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, on or about May 7, 2004, COLESON and HADDOCK caused a vehicle financing application in the name of Victim 1 to be sent through the Internet, through fraud and deceit, to the General Motors Acceptance Corporation.

(Title 18, United States Code, Sections 1343 and 2.)

COUNT THREE

(Wire Fraud)

The Grand Jury further charges:

6.  On or about June 23, 2004, in the Southern District of New York and elsewhere, JOHNNY COLESON and CARLOS HADDOCK, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false

and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, on or about June 23, 2004, COLESON and HADDOCK caused a vehicle financing application in the name of Victim 1 to be sent through the Internet, through fraud and deceit, to the General Motors Acceptance Corporation.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR

(Aggravated Identity Theft)

The Grand Jury further charges:

7. On or about May 7, 2004 and on or about June 23, 2004, in the Southern District of New York and elsewhere, JOHNNY COLESON and CARLOS HADDOCK, the defendants, unlawfully, willfully and knowingly, did transfer, possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Section 1028A(c), to wit, COLESON and HADDOCK used the name, date of birth, and social security number of Victim 1 to commit wire fraud as charged in Counts Two and Three of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

COUNT FIVE

(Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

8.  From at least in or about August 2004, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, JOHNNY COLESON, CARLOS HADDOCK, and DAJUAN HENDERSON, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1344.

9.  It was a part and an object of the conspiracy that JOHNNY COLESON, CARLOS HADDOCK, and DAJUAN HENDERSON, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, would and did, execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

OVERT ACTS

10.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and elsewhere:

    a. On or about July 12, 2004, JOHNNY COLESON and CARLOS HADDOCK, the defendants, rented P.O. Box # 251 at the UPS Store located at 1454 East Avenue, Bronx, New York 10462.

    b. In or about July 2004, COLESON and HADDOCK caused counterfeit checks drawn on the accounts of Farmers Insurance Group of Companies, Linebarger Goggan Blair & Sampson, LLP, and Elizabeth S. Watts to be created, and caused the address of 1454 East Avenue, Bronx, New York 10462, to be imprinted on the counterfeit checks.

    c. On or about August 18, 2004, COLESON, HADDOCK, and DAJUAN HENDERSON, the defendants, caused a counterfeit check in the amount of $3,940, drawn on the bank account of Farmers Insurance Group of Companies, to be presented and deposited into a bank account at a branch of Commerce Bank located in Manhattan, New York.

    d. On or about July 21, 2004, COLESON, HADDOCK, and HENDERSON caused a counterfeit check in the amount of $2,000, drawn on the bank account of Linebarger Goggan Blair & Sampson, LLP, to be presented and deposited into a bank account at a branch of Commerce Bank located in Manhattan, New York.

    (Title 18, United States Code, Section 1349.)

COUNT SIX

(Bank Fraud)

The Grand Jury further charges:

11. From at least in or about August 2004, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, JOHNNY COLESON, CARLOS HADDOCK, and DAJUAN HENDERSON, the defendants, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations and promises, to wit, COLESON, HADDOCK, and HENDERSON caused counterfeit checks to be deposited into various accounts held at Commerce Bank, Citibank, and JPMorgan Chase Bank.

(Title 18, United States Code, Sections 1344 and 2.)

COUNT SEVEN

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

12. From at least in or about February 2007, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, JOHNNY COLESON, JEWELL PANKEY, TAKASHIA WASHINGTON, and KEVIN WILLIAMS, the defendants, and

others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

13. It was a part and an object of the conspiracy that JOHNNY COLESON, JEWELL PANKEY, TAKASHIA WASHINGTON, and KEVIN WILLIAMS, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Overt Acts

14. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 7, 2007, JEWELL PANKEY, the defendant, sold JOHNNY COLESON, the defendant, money orders while she was employed as a postal employee at a United States Post

Office, Westchester Station, Bronx, NY 10461.

      b. On or about June 21, 2007, TAKASHIA WASHINGTON, the defendant, sold COLESON money orders while she was employed as a postal employee at a United States Post Office, Westchester Station, Bronx, NY 10461.

      c. On or about June 22, 2007, KEVIN WILLIAMS, the defendant, sold COLESON money orders while he was employed as a postal employee at a United States Post Office, Westchester Station, Bronx, NY 10461.

(Title 18, United States Code, Section 1956(h).)

## COUNT EIGHT

(Money Laundering)

The Grand Jury further charges:

15. From at least in or about February 2007, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, JOHNNY COLESON, JEWELL PANKEY, TAKASHIA WASHINGTON, and KEVIN WILLIAMS, the defendants, in an offense involving and affecting interstate commerce, unlawfully, willfully, and knowingly, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control

of the proceeds of specified unlawful activity, to wit, COLESON purchased and cashed money orders from postal employees PANKEY, WASHINGTON, and WILLIAMS at a United States Post Office, Westchester Station, Bronx, NY 10461, using debit cards connected to bank accounts that were funded by counterfeit checks.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

<u>FORFEITURE ALLEGATION</u>

<u>AS TO COUNTS ONE THROUGH EIGHT</u>

16. As a result of committing the offenses alleged in Counts One Through Eight of this Indictment, JOHNNY COLESON, CARLOS HADDOCK, DAJUAN HENDERSON, JEWELL PANKEY, TAKASHIA WASHINGTON, and KEVIN WILLIAMS, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in this Indictment.

<u>Substitute Asset Provision</u>

17. If any forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853(p).)

_____          _____
FOREPERSON                                MICHAEL J. GARCIA
                                          United States Attorney